## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL L. PIERCE, | ) | |
| | ) | |
| Petitioner, | ) | 2:20-cv-2016-NR-MPK |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDENT LAUREL | ) | |
| HARRY; THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA; and THE | ) | |
| DISTRICT ATTORNEY OF | ) | |
| WASHINGTON COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ADOPTING REPORT & RECOMMENDATION (ECF 29)**

Before the Court is Magistrate Judge Maureen P. Kelly's Report and Recommendation (ECF 29), recommending that Petitioner Samuel L. Pierce's Petition for a Writ of Habeas Corpus be dismissed. Mr. Pierce, proceeding *pro se*, has filed objections to the R&R. ECF 30.

After carefully considering the record and upon a *de novo* review of the R&R, the Court overrules Mr. Pierce's objections, and adopts Magistrate Judge Kelly's R&R as the opinion of the Court, with additional explanation below. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report, that

is a judicial act, and represents the district court's considered judgment." (cleaned up)).

Magistrate Judge Kelly concluded in the R&R that "there is nothing in the record that would support the equitable tolling of the [Antiterrorism and Effective Death Penalty Act's] statute of limitations in this case." ECF 29, p. 11. The Court agrees, but elaborates, particularly considering the nature of Mr. Pierce's objections.

To equitably toll the AEDPA's one-year limitations period, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). "This conjunctive standard requires showing *both* elements" before tolling is permitted. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

"There are no bright lines in determining whether equitable tolling is warranted in a given case." *Id.* (cleaned up). That said, "courts must be sparing in their use of equitable tolling[.]" *Id.* (cleaned up). They should apply equitable tolling "only when the principles of equity would make the rigid application of a limitation period unfair." *Id.* (cleaned up). "Mere excusable neglect is not sufficient" to meet this standard. *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 (3d Cir. 1998) (citations omitted). Additionally, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases).

In his response in opposition to the motion to dismiss, Mr. Pierce argued that the Court should excuse the untimeliness of his petition because of the extraordinary circumstances of his case. That is, he previously asserted that his "[Post Conviction Relief Act] petition was held up for almost (10) years," which prevented him from "mov[ing] on from the state level." ECF 27, pp. 3-4. He reiterates this same

argument in his objections to the R&R.  *See* ECF 30, pp. 3-4 ("Mr. Agrafiotis sat on this case for four years[.] Attorney Agrafiotis had no reasonable bases for not filing a motion to withdraw [as] counsel in a reasonable time. … If Mr. Agrafiotis had not held the [case] in that way it's possible there would not be a timeline [sic] issue and petitioner could have file [sic] his petition years sooner.").

This objection misses the mark because Magistrate Judge Kelly did not include in her calculation of the limitations period any of the delay arguably caused by Mr. Agrafiotis during Mr. Pierce's PCRA appeal.  ECF 29, p. 10 n.5.  So even if Mr. Pierce's circumstances with respect to his PCRA appeal could be classified as "extraordinary," those circumstances certainly did not stand in his way of filing a timely petition after the appeal concluded.  *See Scott v. Zappala*, No. 2:19-cv-551, 2021 WL 4864448, at *13 (W.D. Pa. Oct. 19, 2021) (Dodge, M.J.) ("Petitioner does assert that Attorney Bickerton abandoned him after she sent the August 29, 2018 letter.  If that is true, he does not explain why he waited until May 7, 2019 to file his *pro se* federal habeas petition.  Petitioner may not have understood the ramifications of waiting so long [to] file his federal habeas petition … but it is well established that a petitioner's lack of knowledge or legal training does not alone justify equitable tolling" (cleaned up)).

In his objections, Mr. Pierce offers no other explanation for how the circumstances of his case rise to the level of entitling him to equitable tolling.  Circumstances extraordinary enough to invoke equitable tolling have been found only where "(1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party need to take to preserve a claims." *Middleton v. Warden*, No. 19-1594, 2020 WL 7059633, at *4 (M.D. Pa. Dec. 2, 2020) (citing *Brinson v. Vaugh*, 398 F.3d 225, 230 (3d Cir. 2005)).  A review

of the record confirms that none of those circumstances is present here and thus tolling is unwarranted. *See, e.g.*, *Carnes v. Zaken*, No. 1:20-cv-267, 2021 WL 1701800, at *5 (W.D. Pa. Apr. 6, 2021) (Lanzillo, M.J.) ("[T]he Court has reviewed Carnes' filings and can discern no circumstance which could potentially trigger equitable tolling. … Equitable tolling of the AEDPA statute of limitations is thus unwarranted in this case and Carnes' petition is untimely.").[1]

Thus, the Court adopts Magistrate Judge Kelly's R&R (ECF 29), with the addition of the discussion above, and overrules Mr. Pierce's objections (ECF 30). Mr. Pierce's petition (ECF 1) is **DISMISSED** with prejudice, and no certificate of appealability will issue. The Clerk of Court shall mark this case closed.

Date: April 15, 2022                              BY THE COURT:


                                                 /s/ *J. Nicholas Ranjan*
                                                 United States District Judge

---

[1] Notably, Mr. Pierce has not asserted his actual innocence, so that also cannot excuse the untimeliness of his petition. In certain exceptional cases, a petitioner may assert actual innocence as a gateway for obtaining federal habeas review of claims that would otherwise be barred by the expiration of AEDPA's one-year statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013). "[A] gateway actual innocence claim that is asserted in an effort to overcome the statute of limitations bar for habeas cases will only prevail if it is based on 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial.'" *Carnes*, 2021 WL 1701800, at *5 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Even if Mr. Pierce had asserted his innocence, there does not appear to be any "new evidence" to support such an assertion. The only evidence referenced by Mr. Pierce in his filings was available to him during his murder trial. ECF 29, pp. 7-8.